UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          CASE No.:          **ORIGINAL**

------------------------------------------------------------

TIMOTHY JONES

        Plaintiff,          COMPLAINT

    -against-          PLAINTIFF(S) DEMAND TRIAL BY JURY

THE CITY OF NEW YORK,
P.O. TOBY SULLIVAN (SH. 6589),
P.O. ANDY CRUZ (SH. 28171),          **CV 14          0842**
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1 'through' 10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

        Defendant(s)

------------------------------------------------------------

    Plaintiff, TIMOTHY JONES, by his attorney, Paul Hale Esq., complaining of the defendants, The City of New York, Police Officers "John" and "Jane" Doe), collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §

1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff TIMOTHY JONES is 53 years old, resides in New York and is a resident of the State of New York.

7. P.O. TOBY SULLIVAN (SH. 6589) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

8. P.O. ANDY CRUZ (SH. 28171) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

9. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

10. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

11. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers' acts as described above.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. On or about 6/3/12 Plaintiff TIMOTHY JONES was walking on the corner of Marcy Ave and Ellery St. in Brooklyn, NY.

13. While walking down the street a uniformed NYPD officer approached MR. JONES and pulled out his gun and pointed it at MR. JONES. Upon information and belief this officer was defendant P.O. TOBY SULLIVAN.

14. As P.O. TOBY SULLIVAN pointed the gun at MR. JONES he told him to stop.

15. The officer held MR. JONES against a car and searched him.

16. While MR. JONES was being searched another office approached. Upon information and belief this was P.O. ANDY CRUZ.

17. The officers then asked if they could search MR. JONES' car which was nearby. MR. JONES consented.

18. MR. JONES was then held why the officers talked to another person and searched his car.

19. MR. JONES overheard this other person say, while referring to and pointing at MR. JONES, "That is the wrong, guy he has braids. He is not the guy." MR. JONES heard him say this to all officers on the scene. Plaintiff's girlfriend at the time, Stephanie Brooks, also overheard the man say this.

20. Despite MR. JONES clearly being exonerated for any alleged crime, P.O. TOBY SULLIVAN told P.O. ANDY CRUZ to arrest MR. JONES.

21. MR. JONES was then placed under arrest.

22. At this time MR. JONES began having chest pains and asked for medical treatment.

23. MR. JONES was denied medical treatment and instead was taken to a police station house.

24. MR. JONES still complained of chest pains at the station house.

25. MR. JONES was strip searched completely naked at the police station house while still having severe and extreme chest pain.

26. MR. JONES thought he was having a heart attack and about to die.

27. At some point MR. JONES was transported to Long Island College Hospital where he was treated for four days.

28. MR. JONES was handcuffed to a hospital bed the entire time.

29. While MR. JONES was being treated at the hospital P.O. TOBY SULLIVAN and P.O. ANDY CRUZ concocted a story that MR. JONES pulled a gun on another person. They then claimed that a box cutter found in his car was mistaken for a gun. P.O. TOBY SULLIVAN and P.O. ANDY CRUZ drafted a false affidavit to their nonsensical story and filed it with the Kings County District Attorney which initiated a criminal prosecution against MR. JONES.

30. After approximately four days in the hospital MR. JONES saw a Judge and was released on his own recognizance.

31. All charges were dismissed by motion of the DA on 9/13/2012 after approximately 3 court appearances.

32. At no time did MR. JONES commit any crime. At no time did the police have probable cause to arrest MR. JONES.

33. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

34. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent. Plaintiff has sought treatment for these injuries.

35. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

36. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical

pain and suffering, some or all of which may be permanent.

37. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home.

38. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

39. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

40. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

41. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

42. Plaintiff filed a Notice of Claim on 11/13/2012. (Claim No. 2012PI027783)

## AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983-against all Defendants.

43. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

44. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

45. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

46. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

47. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

   A. An arrest not based upon probable cause;

   B. Unwarranted and malicious criminal prosecution;

   C. Deprivation of liberty without due process of law;

   D. Excessive force imposed upon him;

E. Summary punishment imposed upon him;

F. Denied equal protection under the law; and

G. Denial of medical services.

48. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
### Failure To Intervene - Fourth Amendment - 42 U.S.C. S 1983

49. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

50. The officer defendants were present for the above-described incident and witnessed other defendants actions.

51. The officer defendants' use of force against plaintiffs was unjustified under the circumstances yet the officer defendants failed to take any action or make any effort to intervene, halt or protect plaintiffs from being subjected to their actions by other officer defendants.

52. The officer defendants' violations of plaintiffs' constitutional rights by failing to intervene in other defendants' clearly unconstitutional actions resulted in the injuries and damages set forth above.

## AS A THIRD CAUSE OF ACTION:
### *Monell* claim[1]

53. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby

---

[1] *Monell v. City of New York Department of Social Services*, 436 U.S. 658

causing police officers including defendants in this case, to engage in unlawful conduct.

54. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

I. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

II. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

III. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial; and

IV. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: 1/31/2014
Brooklyn, New York

Respectfully Submitted

By: Paul Hale, Esq
26 Court St. Ste 913
Brooklyn, NY 11242
(718) 554-7344